UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>DAM</small> G<small>ERICS</small>,

    Plaintiff,

    v.

F<small>ELIX</small> T<small>REVINO</small>, J<small>R</small>. a Flint City Police Officer, S<small>ERGEANT</small>/H<small>ALL</small>, a Flint City Police Officer,
B. F<small>OWLKES</small>, a Flint City Police Officer; all jointly and severally,

    Defendants.

                                    /

Case No. 15-cv-12922

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
S<small>TEPHANIE</small> D<small>AWKINS</small> D<small>AVIS</small>

**O<small>PINION AND</small> O<small>RDER</small> G<small>RANTING IN</small> P<small>ART AND</small> D<small>ENYING IN</small> P<small>ART</small> D<small>EFENDANTS</small>' M<small>OTION TO</small> D<small>ISMISS</small> C<small>OUNTS</small> VI <small>THROUGH</small> IX <small>OF THE</small> T<small>HIRD</small> A<small>MENDED</small> C<small>OMPLAINT</small> [41]**

**I.    Introduction**

Plaintiff Adam Gerics commenced this 42 U.S.C. § 1983 action on August 17, 2015. Dkt. No. 1. Plaintiff alleges several claims against the following Defendants: the County of Genesee, Michigan; the City of Flint, Michigan; Flint Police Officers Felix Trevino and Bobby Fowlkes; and Flint Police Sergeant Joseph Hall. Dkt. No. 36, p. 3 (Pg. ID 143).

Plaintiff first amended his Complaint on August 26, 2015. Dkt. No. 8. On December 21, 2015, the Court granted Gerics's Ex Parte Motion to file a Second Amended Complaint. Dkt. Nos. 12, 16. Gerics then filed a Third Amended

Complaint on November 9, 2017.[1]  Dkt. No. 36.  In the Third Amended Complaint, Gerics asserts the following claims:

- Retaliatory Arrest under § 1983 and the First Amendment (Count I)
- Unlawful Arrest under § 1983 and the Fourth Amendment (Count II)
- Excessive Force under § 1983 and the Fourth and Fourteenth Amendments (Count III)
- Unlawful Seizure of Plaintiff's Cell Phone under § 1983 and the Fourth and Fourteenth Amendments (Count IV)
- Failure to Intervene under § 1983 and the First and Fourth Amendments (Count V)
- Malicious Prosecution under § 1983 and the Fourth Amendment (Count VI)
- Retaliatory Prosecution under § 1983 and the First Amendment (Count VII)
- Abuse of Process under § 1983 and the Fourth Amendment (Count VIII)
- *Monell* Claim, Municipal Liability under § 1983 (Count IX)

*See id.*

Defendants moved to dismiss Counts VI through IX of the Complaint on December 11, 2017.  *See* Dkt. No. 41.  On December 27, 2017, Gerics responded to Defendants' motion.  *See* Dkt. No. 42.  The Defendants then filed a reply in support on January 10, 2018.  Dkt. No. 44.

Presently before the Court is Defendants' Motion to Dismiss Counts VI through IX of Plaintiff's Third Amended Complaint [41].  The Court held a hearing on the motion on Monday, March 19, 2018 at 10:00 a.m.  For the reasons detailed

---

[1] During oral argument on this motion, Plaintiff confirmed his Third Amended Complaint is mistakenly entitled Second Amended Complaint.

2

below, the Court ruled from the bench and GRANTED IN PART and DENIED IN PART Defendants' Motion to Dismiss Counts VI through IX of the Third Amended Complaint [41]. Plaintiff's claims for malicious prosecution (Count VI) and retaliatory prosecution (Count VII) will survive the motion. On the other hand, Plaintiff's abuse of process claim (Count VIII) and *Monell* claim (Count IX) will be dismissed.

## II. Background

### A. Factual Background

The events leading up to this litigation started way back on September 27, 2013, when Gerics was on his property in Flint, Michigan speaking to Defendant Officer Trevino. Dkt. No. 36, pp. 3–4 (Pg. ID 143–44). Gerics alleges that because he was recording this conversation with his cell phone, Trevino took offense and "brutally attacked" him. *Id.* at p. 4 (Pg. ID 144). Sergeant Hall and Officer Fowlkes purportedly watched the attacked and did not intervene. *Id.* The three officers then, according to Gerics, seized his cell phone and tried to destroy it. *Id.*

Following the alleged attack, Gerics was arrested and incarcerated for three days. *Id.* Gerics protests his treatment as unlawful; he maintains that he did not resist arrest or otherwise threaten the Defendant Officers at any point during this altercation. *Id.* According to Gerics, in addition to unlawfully arresting him, all

3

three officers included materially false statements and omissions in certain investigative documents, including police reports. *Id.* at p. 7 (Pg. ID 147).

B. Procedural History

Because of these events, Gerics filed a civil rights action in state court on November 6, 2014. Dkt. No. 41, pp. 12–13 (Pg. ID 185–86); *see also* Dkt. No. 41-2. The defendants in that action were Officer Trevino, the City of Flint, and the Flint Police Department. *See* Dkt. No. 41-2, p. 2 (Pg. ID 202). Gerics stipulated to the dismissal of that action, after six months of discovery had occurred and the defendants in that action had filed a motion for summary disposition. Dkt. No. 41-3, p. 3 (Pg. ID 213). On June 29, 2015, the state court granted the stipulated order of dismissal. *See id.*

Approximately two months later, on August 17, 2015, Gerics initiated this action. *See* Dkt. No. 1. Yet on September 10, 2015, Genesee County prosecutors brought a three-count criminal complaint against Gerics.[2] Dkt. No. 41-5, p. 2 (Pg. ID 220). When the criminal action began, the Defendant Police Officers were the only Defendants in the case before this Court and had not been served with the Complaint. *See* Dkt. Nos. 1, 10, 11. Because of the pending criminal matter, the Court stayed this case on October 16, 2015. *See* Dkt. No. 14.

---

[2] Gerics was charged with (1) furnishing contraband to prisoners; (2) assaulting a police officer, and resisting and obstructing arrest; and (3) possession of a controlled substance. Dkt. No. 41-5, p. 2 (Pg. ID 220).

4

The criminal case concluded on June 22, 2017 when the state court granted the Plaintiff's motion to quash and, accordingly, dismissed that case. *See* Dkt. No. 41-5, p. 4 (Pg. ID 222). Then, on November 3, 2017, the Court lifted the stay in this litigation. Dkt. No. 34.

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a court to assess whether a plaintiff has stated a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[E]ven though the complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.' " *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

A court must construe the complaint in favor of a plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *Twombly*, 550 U.S. at 570. But, "the tenet that a court must accept as true all of the allegations contained in a complaint is

5

inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). To survive a Rule 12(b)(6) motion, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 553–54). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal citations and quotations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679. (internal citations and quotations omitted).

## IV. Discussion

Defendants have moved to dismiss Plaintiff's § 1983 malicious prosecution (Count VI), retaliatory prosecution (Count VII), abuse of process (Count VIII), and *Monell* claims (Count IX). The Court will grant in part and deny in part the Defendants' Motion to Dismiss. *See* Dkt. No. 41. Plaintiff's claims for malicious prosecution (Count VI) and retaliatory prosecution (Count VII) will survive the

6

motion. But Gerics's claims for abuse of process (Count VIII) and his *Monell* claim (Count IX) will be dismissed.

### A. Count VI: Malicious Prosecution under § 1983 and the Fourth Amendment

The Defendants argue they are entitled to qualified immunity on Plaintiff's malicious prosecution claim. "[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.' " *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "Clearly established," the Supreme Court has instructed, "means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *Id.* (internal quotations omitted) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011)).

Defendants concede freedom from malicious prosecution is a clearly established right. Rather, they argue Plaintiff's malicious prosecution claim fails because the Third Amended Complaint lacks well-pleaded allegations regarding the Defendant Officers' participation in the prosecution. Dkt. No. 41, p. 18 (Pg. ID 192). Gerics counters that the Defendant Police Officers "participated" in the decision to prosecute because their false statements were the only reason prosecutors brought

7

charges against him. Dkt. No. 42, pp. 6–7 (Pg. ID 228–29). The Court finds that Gerics has properly pleaded a malicious prosecution claim.

In this Circuit, the following elements comprise a claim for malicious prosecution under § 1983:

> (1) a criminal prosecution was initiated against the plaintiff, and the defendant made[,] influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.

*King v. Harwood*, 852 F.3d 568, 580 (6th Cir. 2017) (alteration in original) (quoting *Sanders v. Jones*, 845 F.3d 721, 728 (6th Cir. 2017), *vacated on other grounds*, *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911 (2017)).

"Plaintiffs must also make an 'effort to identify what that false and misleading information was.'" *Zavatson v. City of Warren*, No. 16-2338, 2017 WL 4924673, at *9 (6th Cir. Oct. 31, 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 398 (6th Cir. 2016)). Notably, malice, an element of the common-law tort of malicious prosecution, is not an element of malicious prosecution under § 1983. *King*, 852 F.3d at 580 (citing *Sykes v. Anderson*, 625 F.3d 294, 310 (6th Cir. 2010)). Because of this difference, "'unreasonable prosecutorial seizure'" better captures the essence of a § 1983 malicious prosecution claim than its recognized name. *Id.* (quoting *Sykes*, 625 F.3d at 310).

8

The Third Amended Complaint contains a colorable claim that Gerics was subject to malicious prosecution because the Defendant Officers participated in the decision to prosecute him. For example, in *Zavatson*, certain defendants did not participate in the decision to prosecute the plaintiff where there was no evidence that the investigating police officer or prosecutor relied on those defendants' alleged representations. 2017 WL 4924673, at *9. The *Zavatson* court contrasted its facts with *Sykes*, where the plaintiff's malicious prosecution claim survived the defendant's summary judgment motion. 625 F.3d at 310. The *Sykes* plaintiff's claim merited a trial because the record reflected that the prosecution had relied on the defendant's false statements. *Id.*

Likewise, Gerics has adequately alleged the Defendant Police Officers participated in the decision to prosecute. He contends the prosecutor pressed charges solely because of the officers' false representations, including representations in police reports. Dkt. No. 42, p. 7 (Pg. ID 229). Therefore, he has pleaded specific facts regarding the allegedly false and misleading information presented to the prosecutor, and that the prosecutor relied on this information. At this early stage of the litigation, that is all Gerics must do.

Defendants resist the motion by arguing the Defendant Police Officers could not have maliciously prosecuted Gerics because they were unaware of his August 2015 civil rights complaint. In support of this argument, Defendants detail the

9

timeline of when the Defendants were served in this case and when Gerics first faced criminal charges. Specifically, they argue the officers could not have known about Gerics's lawsuit because the prosecutor brought charges against Gerics on September 10, 2015, thirteen days before the Defendant Officers were served with the initial Complaint. *See* Dkt. Nos. 10, 11.

As the Court must assume Plaintiff's allegations are true, the Court will accept the Plaintiff's assertion that the Defendants were indeed aware of the suit. Gerics's contention that the Defendant Police Officers knew of his suit is plausible, given that service is not the only way the Defendant Officers could have learned of the Complaint. Indeed, Gerics's claim was a matter of public knowledge.

Consequently, Gerics has adequately alleged a malicious prosecution claim.

B. Count VII: Retaliatory Prosecution under § 1983 and the First Amendment

Defendants again contend they are entitled to qualified immunity, this time for Gerics's retaliatory prosecution claim. They vigorously maintain Gerics has not adequately alleged a constitutional violation regarding his retaliatory prosecution claim. Dkt. No. 44, p. 8 (Pg. ID 250). Gerics replies the Defendant Police Officers unlawfully retaliated against him for recording them. Dkt. No. 36, p. 22 (Pg. ID 162); Dkt. No. 42, p. 10 (Pg. ID 232). The Court will find Plaintiff's argument persuasive.

First, in response to Defendants' reliance on qualified immunity, Gerics is correct that he has a clearly established right under the First Amendment to be free from retaliation for his communication with the Defendant Officers. *See Everson v. Calhoun Cty.*, 407 F. App'x 885, 887 (6th Cir. 2011) ("It is clearly established that 'the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out.' " (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006))).

The only question then is whether he has plausibly alleged that the Defendants violated this clearly established right. To properly plead a First Amendment retaliation claim, a plaintiff must assert that:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Meadows v. Enyeart*, 627 F. App'x 496, 502 (6th Cir. 2015) (internal quotations omitted) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). Causation requires that a plaintiff plead specific facts that the retaliatory act complained of would not have occurred but for the protected activity. *Id.* at 503 (citing *Eckerman v. Tenn. Dep't of Safety*, 636 F.3d 202, 209 (6th Cir. 2010)).

According to the Defendants, Gerics has not plausibly alleged causation because the Third Amended Complaint lacks assertions indicating that the

11

Defendant Police Officers caused the issuance of charges against Gerics. Dkt. No. 41, p. 21 (Pg. ID 195). Defendants are mistaken.

Plaintiff has alleged particularized facts suggesting Officers Hall, Fowlkes, and Trevino caused the issuance of charges. Specifically, he contends the prosecutor's office brought charges only because of the officers' false statements and representations. *See* Dkt. No. 36, pp. 9–10 (Pg. ID 149–50). Therefore, despite Defendants' protests to the contrary, Gerics's retaliatory prosecution claim has merit.

### C. Count VIII: Abuse of Process under § 1983 and the Fourth Amendment

All agree the Sixth Circuit has never recognized a federal claim for abuse of process. *See Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 676 (6th Cir. 2005) ("This court has never specifically determined whether a claim for abuse of process is a cognizable constitutional claim that can be redressed pursuant to § 1983. . . . We again find it unnecessary to rule on that question in this case.").

Undeterred, Gerics argues that any federal abuse of process claim would mirror state law, and that he has stated an abuse of process claim under Michigan law. Dkt. No. 42, p. 12 (Pg. ID 234). He then outlines the substance of his abuse of process claim. Gerics argues that the Defendants—to punish him for exercising his First Amendment rights—participated in his criminal proceedings and also made material and false statements which assisted the prosecution.

12

Gerics's abuse of process claim fails for two reasons. First, the Defendants are entitled to qualified immunity on this claim. This right was not clearly established when the allegedly unconstitutional conduct occurred; the Sixth Circuit has never held that an abuse of process claim is cognizable under § 1983. For a right to be clearly established, "precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018). Gerics acknowledges this criteria has not been met when he asserts that the Sixth Circuit has never decided whether an abuse of process claim lies under § 1983.

Second, even if an abuse of process claim under § 1983 were a clearly established right, this claim would still fail. Gerics has not plausibly pleaded a constitutional violation of this right. An abuse of process claim under § 1983, in this case, would follow Michigan state law. *See Voyticky*, 412 F.3d at 676–77 (observing that an abuse of process claim under federal law would track the elements of the relevant state's abuse of process law). And under Michigan law, an abuse of process claim requires that a plaintiff adequately allege "(1) an ulterior purpose, and (2) an act in the use of process that is improper in the regular prosecution of the proceeding." *Horacek v. Neph*, 466 F. App'x 508, 511 (6th Cir. 2012) (quoting *Bonner v. Chi. Title Ins. Co.*, 194 Mich. App. 462, 487 N.W.2d 807, 812 (1992)). "Ulterior purpose" requires well-pleaded allegations that a defendant " 'has used a

13

proper legal procedure for a purpose collateral to the intended use of that procedure.' " *State Farm Fire & Cas. Co. v. Allied & Assocs.*, 860 F. Supp. 2d 432, 445 (E.D. Mich. 2012) (quoting *Bonner*, 487 N.W.2d at 812).

A plaintiff will not prevail on an abuse of process claim through merely contending that a defendant "cause[d] a summons and complaint to be issued." *Id.* (citing *Friedman v. Dozorc*, 412 Mich. 1, 312 N.W.2d 585, 595 (1981)). Instead, a plaintiff must plausibly plead " 'the improper use of process after it has been issued.' " *Id.* (quoting *Spear v. Pendill*, 164 Mich. 620, 130 N.W. 343, 344 (1911)).

Gerics's claim will not survive the Motion to Dismiss because he merely alleges the Defendants caused the issuance of charges against him. *See, e.g., Curran v. City of Dearborn*, 957 F. Supp. 2d 877, 887 (E.D. Mich. 2013) (granting summary judgment on plaintiff's state-law abuse of process claim because "[o]ther than the fact of the prosecution itself, she does not allege any incident of improper use of the litigation process during the pendency of the case."). Indeed, the Third Amended Complaint includes no particularized facts indicating that, subsequent to the issuance of charges, any Defendant used the litigation process improperly. Gerics, then, has not properly pleaded an abuse of process claim, if one does indeed exist under federal law.

D.  Count IX: Municipal Liability under § 1983, *Monell* Claim

Defendants will also prevail on Plaintiff's *Monell* claim. A plaintiff can succeed on a municipal liability claim "only if the injury is caused by a municipal custom or policy, or if the city's failure to train employees amounts to deliberate indifference to constitutional rights." *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 994 (6th Cir. 2017) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). In other words, it is not enough for plaintiffs to plead that a municipality "employ[ed] someone who has committed a constitutional violation." *Id.* (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Here, Gerics contends the City of Flint failed to train the Defendant Police Officers and in that way, was deliberately indifferent to his constitutional rights. This claim requires that Gerics plausibly allege "not only that an employee's act caused a constitutional tort, but also that the city's failure to train its employees caused the employee's violation *and* that the city culpably declined to train its 'employees to handle recurring situations presenting an obvious potential for such a violation.' " *Id.* at 995 (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)). Stated another way, this claim necessitates well-pleaded facts "of 'prior instances of unconstitutional conduct demonstrating that the [municipality] ha[d] ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.' " *Burgess v.*

15

*Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (alterations in original) (some internal quotations omitted) (quoting *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010)).

Relying on *Burgess*, the City maintains (correctly) that Gerics has not pleaded prior instances of abuse. Dkt. No. 41, pp. 23–24 (Pg. ID 197–98). In *Burgess*, the Sixth Circuit affirmed a district court's grant of summary judgment to a defendant, finding that the "[p]laintiffs ha[d] not set forth any facts that there were prior instances of similar misconduct so as to show that [a defendant] was on notice that its training and supervision with respect to the [alleged underlying constitutional violations] was deficient." *Id.* at 478.

Likewise, in *Davis v. Butler Cty., Ohio*, 658 F. App'x 208, 215–16 (6th Cir. 2016), a plaintiff's § 1983 failure to train claim failed "[b]ecause [the plaintiff] allege[d] no facts indicating that the county knew of prior unconstitutional conduct on the part of its officers." *See also Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005) (holding failure to train claim lacked merit given that plaintiff failed to show defendant-county knew of prior unconstitutional acts).

Gerics's § 1983 claim for a failure to train lacks merit for the same reasons. The Third Amended Complaint is devoid of allegations suggesting the City was aware of prior unconstitutional acts resulting from a failure to train officers on interactions with persons exercising their First Amendment rights. Gerics's

16

assertion that the City of Flint failed to train its officers on how to interact with persons engaging in protected speech, without more, is insufficient. Dkt. No. 42, p. 13 (Pg. ID 235). Accordingly, the Court will dismiss Gerics's *Monell* claim. Dismissal of this claim removes the City as a Defendant in this action.

## V. Conclusion

Defendants moved to dismiss Counts VI through IX of Gerics's Third Amended Complaint, and the Court held oral argument on the motion. Dkt. No. 41. In light of the foregoing, the Court ruled from the bench and GRANTED IN PART and DENIED IN PART Defendants' Motion to Dismiss in Part Plaintiff's Third Amended Complaint [41]. Gerics's malicious prosecution (Count VI) and retaliatory prosecution claims (Count VII) will proceed. Defendants will prevail on Gerics's abuse of process (Count VIII) and *Monell* claims (Count IX), however. As the Court has granted Defendants' request for dismissal of Gerics's *Monell* claim, the City of Flint is no longer a Defendant in this litigation.

IT IS SO ORDERED.

Dated: March 19, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 19, 2018, by electronic and/or ordinary mail.
<u>/s/ Tanya Bankston</u>
Deputy Clerk