UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM GERICS,

Plaintiff,

v.

FELIX TREVINO, JR. ET AL.,

Defendants.

_____/

Case No. 15-cv-12922

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

## OPINION AND ORDER GRANTING DEFENDANT GENESEE COUNTY'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT [54]

## I.     Introduction

Invoking 42 U.S.C. § 1983, Plaintiff Adam Gerics initiated this action on

August 17, 2015.  Dkt. No. 1.  He has sued the City of Flint, two Flint, Michigan

police officers, and Genesee County ("the County").  *See* Dkt. No. 36.

Gerics requested on March 19, 2018 that the Clerk of the Court enter a

default against Genesee County.  Dkt. No. 48.  And on March 20, 2018, the Clerk

of the Court entered a default as to the County.  Dkt. No. 49.

Then, on May 4, 2018, the County moved to set aside the entry of default.

Dkt. No. 54.  Plaintiff responded on May 11, 2018.  Dkt. No. 56.  As of this

writing, the County has not replied in support of the motion and the time to do so

has expired.

Presently before the Court is Defendant Genesee County's Motion to Set Aside the Clerk's Entry of Default [54]. The motion is sufficiently briefed. The Court will decide the motion without a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons that follow, the Court will GRANT Defendant Genesee County's Motion to Set Aside the Clerk's Entry of Default [54].

## II.    Factual Background

### A.    Procedural History

On September 27, 2013, Plaintiff was arrested following a physical altercation with Defendant Officer Alex Trevino of the Flint Police Department. *See* Dkt. No. 1. Gerics was imprisoned for three days following the incident and, upon release, filed a civil action in state court. In this state court action, Gerics initially named as defendants the following individuals or entities: Officer Trevino, the City of Flint, and the Flint Police Department. The state court dismissed the complaint on June 29, 2015 by granting Plaintiff's stipulated order of dismissal.

Gerics initiated this case two months later, on August 17, 2015, and he originally included only the two police officers as Defendants. *See* Dkt. No. 1. Yet less than a month later, Genesee County prosecutors brought a three count criminal complaint against Gerics for activities he had allegedly engaged in while

incarcerated. *See* Dkt. No. 41-5. The Court stayed this suit pending the resolution

of the criminal matter. Dkt. No. 14. The criminal case concluded on June 22,

2017, when the state court granted Plaintiff's motion to quash and dismissed the

case. On November 3, 2017, the Court lifted the stay on this litigation. *See* Dkt.

No. 34.

Plaintiff amended his Complaint on November 9, 2017. Dkt. No. 36. There,

as to Genesee County, Gerics asserts claims of malicious prosecution (Count VI),

retaliatory prosecution (Count VII), and abuse of process (Count VIII). *See id.*

Additionally, Gerics alleges violations of: the First Amendment by a retaliatory

arrest (Count I); the Fourth Amendment by an unlawful arrest (Count II); the

Fourth and Fourteenth Amendments by excessive force and unlawful seizure

(Counts III and IV); the First and Fourth Amendments by failure to intervene

(Count V); and the civil rights statute, 42 U.S.C. § 1983, under *Monell* (Count

IX).[1]

B.   Service on the County

On November 22, 2017, a copy of the Complaint and summons was

delivered to Celeste Bell, the then-acting Chief Assistant Prosecuting Attorney for

---

[1] On March 19, 2018, the Court dismissed Gerics's abuse of process and *Monell*
claims against the police officers and the City of Flint. *See* Dkt. Nos. 41, 46.
Gerics's malicious and retaliatory prosecution claims, however, survived the
motion to dismiss filed by the police officers and the City of Flint. *See* Dkt. No.
46.

the Civil Division of Genesee County.  *See* Dkt. No. 56-1.  After receiving the

package, she returned it to Plaintiff's counsel explaining that she was not

authorized to accept service for the County and that service was therefore

improper.  *See id.*  She later called Plaintiff's counsel to reiterate her position.  *See*

Dkt. Nos. 54, 56.

Several months later, on March 19, 2018, Plaintiff requested an entry of

default against Genesee County, and in doing so, represented to the Court that he

had properly served the County.  Dkt. No. 48.  Based on that representation, the

Clerk of the Court entered the default on March 20, 2018.  Dkt. No. 49.

## III.  Law and Analysis

The County makes two arguments in moving to set aside the default.  First,

it maintains that Bell could not properly accept service; therefore, service was

improper and the Court must set aside the entry of default.  In support of this

contention, the County largely relies on *O.J. Distrib., Inc. v. Hornell Brewing Co.,*

*Inc.*, 340 F.3d 345 (6th Cir. 2003).  Second, it argues that even if service were

proper, good cause exists to set aside the entry of default under Federal Rule of

Civil Procedure 55(c).  The Court finds both arguments convincing, and will

therefore set aside the Clerk's entry of default.  Dkt. No. 54.

A.     Motion to Set Aside Clerk's Entry of Default [54]

The Court will first explain why service was improper and will then detail

why good cause exists to set aside the Clerk's entry of default.

1.     Improper Service

When a party does not properly serve an opposing party, due process is not

satisfied and "[a] court must set aside an entry of default." *O.J. Distrib., Inc.*, 340

F.3d at 353 (citing *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976);

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)).  In

federal actions, plaintiffs may only serve a local government actor in one of two

ways:  (1) by "delivering a copy of the summons and of the complaint to its chief

executive officer," or (2) "serving a copy of each in the manner prescribed by that

state's law for serving a summons or like process on such a defendant."  FED. R.

CIV. P. 4(j)(2).

Gerics has not served the County through the first method.  Bell is not the

chief executive officer of Genesee County.  Gerics has likewise not satisfied the

second method of service, as he has misread Michigan Court Rules 2.105(G)(1)

and 2.105(G)(8).

First, Michigan Court Rule 2.105(G) establishes that service of process can

be made on public corporations by serving specific officers of a given public

corporation.  The relevant officers are listed in the Rule.  For counties, the officers

that may receive service are "the chairperson of the board of commissioners or the county clerk of a county." M.C.R. 2.105(G)(8). When serving a city, however, the Rule allows service to be made on "the mayor, the city clerk, or the city attorney of a city." *Id.* at (G)(2).

Second, Michigan Court Rule 2.105(G)(8) includes a catch-all paragraph, providing that "service may be made on an officer having substantially the same duties as those named or described above, irrespective of title." The officers "named or described above," of course, relate to particular public corporations.

Gerics proposes a convoluted reading of these two rules. He contends that any person who may accept service for a given public corporation, may accept service for any public corporation. For example, a city attorney may accept service for a city. Thus, according to Gerics, any person who fulfills the same duties as a city attorney for another public corporation can accept service for that other corporation. Gerics continues that corporation counsel for a county has substantially the same duties that a city attorney has for a city. Therefore, under Rule 2.105(G)(8), he believes that a county's corporation counsel may accept service for that county. Applying that logic here, Gerics maintains that Bell may receive service for the County, and thus, service was proper.

As the County rightly argues, Plaintiff's interpretation is unpersuasive. That reading would render the individual distinctions in Michigan Court Rule 2.105(G)

6

superfluous.  There would be no need to list distinct categories of persons that can

accept service for a governmental body if any entity listed could serve as an

appropriate entity for a different body.  Indeed, it is "a general principle of

interpretation that the mention of one thing implies the exclusion of another thing;

*expressio unius est exclusio alterius*."  *Village of Sebewaing Indus., Inc. v. Village

of Sebewaing*, 337 Mich. 530, 60 N.W.2d 444, 447 (1953) (internal quotation

marks and citations omitted); *see also Donkers v. Kovach*, 277 Mich. App. 366,

745 N.W.2d 154, 157 (2007) ("The omission of a provision in one statute that is

included in another statute should be construed as intentional, and provisions not

included by the Legislature may not be included by the courts." (internal citations

omitted))).

Case law further undermines Gerics's position.  For instance, in *Adams v.

Cty. of Calhoun*, No. 1-16-cv-678, 2017 U.S. Dist. LEXIS 43006, at *4 (W.D.

Mich. Mar. 27, 2017), the court held that the plaintiff did not properly serve the

defendant-county when he mailed the summons and complaint to the county.  In

reaching this conclusion, the court did not consider whether the plaintiff might

have satisfied service by sending the summons and complaint to the county

attorney (or the equivalent).  *Id*.  Rather, the court found that service was not

proper solely because the plaintiff did not serve the county chairperson or the

county clerk.  *Id*.

All agree that Bell is neither the county clerk, the chairperson of the county board of commissioners, nor an official with similar duties. Accordingly, Bell was not authorized to receive service for the County. It follows, then, that service was improper and the default must be set aside.

2.      Good Cause

Even if service were proper, the Court should set aside the entry of default. Indeed, the County's behavior leading to the default was not willful, the Plaintiff will not suffer prejudice if the Court were to set aside the default, and the County has a meritorious defense to the claims asserted against it. *See O.J. Distrib., Inc.*, 340 F.3d at 353.

Federal Rule of Civil Procedure 55(c) provides that "[a] court may set aside an entry of default for good cause[.]" And a "district court enjoys considerable latitude" when determining what constitutes "good cause." *O.J. Distrib., Inc.*, 340 F.3d at 353 (internal quotation marks omitted) (quoting *United States v. Real Prop. & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)). Importantly, courts have a "general preference for judgments on the merits." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011) (citing *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983)).

To determine whether good cause exists, courts must consider whether: "(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *See O.J. Distrib., Inc.*, 340 F.3d at 353 (internal quotation marks omitted) (quoting *United Coin Meter Co., Inc.*, 705 F.2d at 844). And "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure . . . to appear." *Krowtoh II LLC v. ExCelsius Intern. Ltd*, 330 F. App'x 530, 537–38 (6th Cir. 2009) (internal quotation marks omitted) (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986)).

Here, all three considerations weigh in the County's favor. First, the default was not willful or culpable. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes, SA*, 663 F.3d at 841 (citing *Shepard Claims Serv., Inc.*, 796 F.2d at 194).

In this case, the County informed Gerics that service was improper and that service had to comply with federal or state rules. Although the parties disagree about whether service was proper, the County's genuine objection does not reflect an intent to "thwart judicial proceedings" or a "reckless disregard" for the impact of that objection on the proceedings. *Id*. Plaintiff asks that the Court adopt his

interpretation of the relevant rules and view the County's reasonable objection as culpable behavior. Yet as discussed above, the County has not been properly served. Therefore, the County did not default willfully.

Additionally, Gerics will not suffer prejudice if the Court were to set aside the default. To establish prejudice, Gerics "must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (citation omitted). But Gerics has not given any reason as to how he would suffer prejudice if the Court were to set aside the default. The Court stayed the matter one day after the entry of default, and the Court only recently lifted the stay. Gerics, then, will not suffer prejudice from a set-aside of the default.

The first two considerations, standing alone, warrant a set-aside. But what is more, the County has meritorious defenses to this action. Against the County, Plaintiff asserts malicious and retaliatory prosecution claims and an abuse of process claim. *See* Dkt. No. 36, pp. 19–25 (Pg. ID 159–165). Plaintiff's claims involve the criminal prosecution against him, which was brought by the Genesee County Prosecutor's Office. The County argues, however, that when county prosecutors issue and prosecute state criminal charges, they are acting as state officials, not county officials. *See Cady v. Arenac Cty.*, 574 F.3d 334, 343 (6th Cir. 2009) (noting that "county attorneys in Michigan . . . are responsible for

enforcing criminal laws on behalf of the state"); *see also Gavitt v. Ionia Cty.*, 67 F. Supp. 3d 838, 859 (E.D. Mich. 2014). Therefore, the County has meritorious defenses to Plaintiff's malicious and retaliatory prosecution claims, and his abuse of process claim. Accordingly, good cause exists under Rule 55(c) to set aside the default.

## IV.    Conclusion

The Clerk of the Court has entered a default against Genesee County. *See* Dkt. No. 49. The County requests that the Court set aside this entry of default. Dkt. No. 54. For the foregoing reasons, the Court will GRANT the County's Motion to Set Aside the Clerk's Entry of Default [54]. Plaintiff must serve the County by either (1) serving a copy of the summons and complaint on the chief executive officer of the County or (2) serving the summons and complaint in a manner required by state law.

IT IS SO ORDERED.

Dated:  July 2, 2018                                             /s/Gershwin A. Drain
                                                                            GERSHWIN A. DRAIN
                                                                            United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 2, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk

11