UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM GERICS,

    Plaintiff,

v.

ALEX TREVINO, ET AL.,

    Defendants.
_____/

Case No. 15-cv-12922

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER GRANTING DEFENDANT COUNTY OF GENESEE'S MOTION TO DISMISS [#60]**

**I. INTRODUCTION**

Plaintiff Adam Gerics initiated this § 1983 civil rights action on August 17, 2015. Dkt. No. 1. Since then, Plaintiff has amended his complaint on two different occasions. *See* Dkt. No. 8; Dkt. No. 36. Most recently, Plaintiff filed a Second Amended Complaint on November 9, 2017, naming County of Genesee as an additional Defendant. Dkt. No. 36. Defendant County of Genesee now moves the Court to dismiss Plaintiff's claims against the County. Dkt. No. 60.

Present before the Court is Defendant County of Genesee's Motion to Dismiss [#60]. Having reviewed the briefs, the Court finds that no Hearing on the Motion is necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will GRANT Defendant's Motion [#60].

## II. BACKGROUND

On September 27, 2013, Plaintiff asserts that he was standing on his property and speaking to several police officers employed by the City of Flint, Michigan. Dkt. No. 36, p. 4 (Pg. ID 144). Plaintiff had his cellphone in his hand and was recording his interactions with the officers. *Id.* Plaintiff claims that, without justification, one of the officers brutally attacked and arrested him for exercising his First Amendment constitutional rights. *Id.* Hence, when he was later released without any charges, Plaintiff filed the instant action against the officers. *Id.* at p.5 (Pg. ID 145). Plaintiff alleges that in retaliation, the officers conspired with and/or unlawfully influenced the County of Genesee's Prosecutor's Office to charge him with a crime several months later. *Id.* at p. 6 (Pg. ID 146). Notably, all charges were ultimately resolved or terminated in Plaintiff's favor. *Id.* at p. 20 (Pg. ID 160).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to

relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his or her factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). However, the Court need not accept mere conclusory statements or legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court must also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## IV. DISCUSSION

Defendant Genesee County moves to dismiss them from Plaintiff's Second Amended Complaint for a failure to state a claim upon which relief can be granted. Dkt. No. 60, p. 2 (Pg. ID 372). Specifically, Defendant asserts that its liability is based on the initiation and pursuit of criminal charges against Plaintiff by Genesee County Prosecutor, David Leyton. *Id.* However, because a county prosecutor acts as a state agent, and not a county agent, when initiating and pursuing criminal charges under state law, Defendant maintains that it cannot be held accountable for the actions of Prosecutor Leyton. *Id.* (citing *Cady v. Arenac County*, 574 F.3d 334, 343 (6th Cir. 2009); *Gavitt v. Ionia County*, 67 F. Supp. 3d 838, 860 (E.D. Mich. 2014)).

Plaintiff refutes this and argues that a municipality can be held liable under § 1983 where the action causing a constitutional deprivation is taken pursuant to some official municipal custom or policy. Dkt. No. 64, p. 3 (Pg. ID 388). Further, that a municipality can be held liable for the single decision of a policy-maker. *Id.* Thus, Plaintiff claims Defendant is liable for either having an unconstitutional policy of engaging in unconstitutional prosecutions or based on the decision of the Genesee County Prosecutor to charge Plaintiff with a crime. *See id.* at pp. 4-5 (Pg. ID 389-90). However, the Court finds that Plaintiff's Second Amended Complaint fails to allege any sustainable claims against Defendant Genesee County.

"[U]nder § 1983, local governments are responsible only for their own illegal acts." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011)). It follows, "a municipality is liable under § 1983 only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate plaintiff's constitutional rights." *Id.* (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* (quoting *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011)). Critically, in order to sustain a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Id.* (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

Here, Plaintiff's Second Amended Complaint fails to state any cognizable claims against Defendant Genesee County. By his own admission, Plaintiff's

Complaint does not allege that Defendant Genesee County has a policy or custom of tolerating unconstitutional prosecutions, or a policy of inadequate training or supervision. *See* Dkt. No. 64, p. 4 (Pg. ID 389). Rather, Plaintiff asserts that he "intended" to allege this claim. *See id.* ("Plaintiff *intended* to allege this claim as to both the City of Flint *and* Genesee County as the policy maker for the Genesee County Prosecutor."). But Plaintiff's intent is not sufficient to give Defendant Genesee County adequate notice of this alleged claim, as required by Federal Rule of Civil Procedure 8(2)(2). *See Bell Atl. Corp.*, 550 U.S. at 555.

Alternatively, Plaintiff asks the Court to sustain the claims against Defendant Genesee County based on the single decision of a policy-maker. Dkt. No. 64, pp. 4-5 (Pg. ID 389-90). Plaintiff presumably refers to Genesee County Prosecutor, David Leyton, and his decision to file charges against Plaintiff. In support, Plaintiff cites to *McNeil v. Eastmead*, where the Western District of Michigan sustained a claim against a municipality based on the unconstitutional actions of the county prosecutor. *See* Dkt. No. 64-1. But Plaintiff's reliance on *McNeil* is misplaced.

The Sixth Circuit has made clear that the actions of county prosecutors, when prosecuting state criminal charges, may not be attributed to the municipality. *D'Ambrosio*, 747 F.3d at 386. Indeed, county prosecutors act as the arms of the state, not of the municipality. *Id.*; *Cady v. Arenac Cty.*, 574 F.3d 334, 343 (holding

Michigan prosecutors act as agents of the state when prosecuting state criminal charges). Thus, "prosecutors' actions in prosecuting state crimes cannot themselves establish municipal policy." *D'Ambrosio*, 747 F.3d at 387.

In *McNeil*, the defendant never raised the arguments presented above. *See* Dkt. No. 65-1. Instead, the defendant in that case argued the municipality could not be held liable for the actions of the county prosecutor because the prosecutor was entitled to qualified immunity. *See id.* at p. 23 (Pg. ID 427). However, that is not the argument that Defendant Genesee County raises here, and thus, the Court does not find *McNeil* instructive.

In short, the Court is bound by the Sixth Circuit's opinion in *D'Ambrosio*. There, the Court explicitly held that county prosecutors' actions in prosecuting state crimes cannot themselves establish municipal liability. *See D'Ambrosio*, 747 F.3d at 386-87. Accordingly, the Court will find that Plaintiff fails to state a claim against Defendant Genesee County upon which relief can be granted.

## V. Conclusion

For the reasons discussed herein, the Court will GRANT Defendant Genesee County's Motion to Dismiss [#60].

IT IS SO ORDERED.

Dated: November 1, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 1, 2018, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager