UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM GERICS,

    Plaintiff,

v.

ALEX TREVINO, ET AL.,

    Defendants.
_____/

Case No. 15-cv-12922

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE [#88, #89, #90]**

**I. INTRODUCTION**

Present before the Court are Defendants' three Motions in Limine. Dkt. Nos. 88, 89, 90. The Motions are fully briefed, and the Court will resolve each of them without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will GRANT IN PART and DENY IN PART the Motions [#88, #89, #90].

**II. DISCUSSION**

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). The purpose of these motions is "to narrow the issues remaining for trial and to minimize disruptions at

trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion in limine, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio, 2004).

Here, Defendants present three Motions. *See* Dkt. Nos. 88, 89, 90. First, Defendants ask the Court to exclude Plaintiff's expert witnesses from trial. *See* Dkt. No. 88. Second, Defendants ask the Court to exclude any evidence of after-the-fact legal conclusions drawn about whether there was probable cause for Plaintiff's arrest. *See* Dkt. No. 89. Finally, Defendants ask the Court to exclude any evidence of their prior disciplinary history. *See* Dkt. No. 90. The Court will address each of these Motions, in turn, below.

### A. The Court will GRANT Defendants' Motion in Limine to Exclude Plaintiff's Expert Witnesses [#88].

Defendants' first Motion in Limine requests that the Court exclude Plaintiff's expert witnesses from trial because Plaintiff failed to make the required, timely expert disclosures. The Court will Grant this request.

Federal Rule of Civil Procedure 26(a)(2)(B) provides that along with disclosing the identity of any expert who will testify at trial, parties must provide a written report containing: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or

support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). Subsection (a)(2)(D)(i) of Rule 26 requires that, absent a stipulation or court order, the above disclosures be made at least 90 days before trial. Fed. R. Civ. P. 26(a)(2)(D)(i). A failure to comply with this deadline may result in the exclusion of the expert witness at trial. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Here, Defendants assert -- and Plaintiff does not refute -- that Plaintiff failed to provide written reports along with his expert witness disclosures, as required by Rule 26. Plaintiff does not attempt to justify these omissions; rather, Plaintiff contends that he does not plan to call any expert witnesses at trial. Accordingly, pursuant to Rule 37, the Court will GRANT Defendants' Motion in Limine to Exclude Plaintiff's Expert Witnesses [#88].

### B. The Court will GRANT Defendants' Motion in Limine to Exclude Evidence of After-the-Fact Legal Conclusions Relating to the Issue of Probable Cause for Plaintiff's Arrest.

Defendants' second Motion in Limine requests that the Court exclude evidence of any after-the-fact legal conclusions drawn about whether there was probable cause for Plaintiff's arrest. Specifically: (1) Officer Joseph Hall's admission that -- based on the information he received subsequent to the arrest -- Plaintiff's arrest was unlawful; and (2) the Genesee County Circuit Court's Opinion and Order ruling that Officer Hall lacked probable cause for Plaintiff's arrest. *See* Dkt. No. 89. Defendants argue that this evidence should be excluded because it lacks relevance, or in the alternative, will mislead and/or confuse the issues for the jury during trial. The Court will agree.

As a general rule, evidence that is relevant is admissible at trial. *But see* FRE 402 ("Irrelevant evidence is not admissible."). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. Still, even where evidence is relevant, a trial court has the discretion to exclude the evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

Here, Officer Hall and the Genesee County Circuit Court's after-the-fact legal conclusions have little, if any, relevance to the issue of probable cause. Indeed, the jury's inquiry will be a prospective one, requiring them to examine all of the facts and circumstances within Officer Hall's knowledge *at the time of the arrest*, and determine whether this was sufficient to warrant a *reasonably prudent and objective person* to believe there was probable cause to conduct the arrest. *See Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Sykes v. Anderson*, 625 F.3d 294, 306 (6th Cir. 2010); *see also Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) ("A reviewing court must assess the existence of probable cause from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.") (internal quotations omitted). Because this is a question of fact for the jury to decide, introducing after-the-fact legal conclusions drawn by outside sources is not only irrelevant, but also presents a danger of displacing the jury's fact-finding role.

To be clear, Plaintiff may still inquire about the evidence that supported Officer Hall and the Genesee County Circuit Court's legal conclusions. But the ultimate legal conclusions themselves will be inadmissible. Accordingly, the Court will GRANT Defendants' Motion in Limine [#89] pursuant to Federal Rules of Evidence 402 and 403.

**C. The Court will DENY Defendants' Motion in Limine to Exclude Evidence of their Prior Disciplinary History WITHOUT PREJUDICE [#90].**

Defendants' final Motion in Limine seeks to exclude all evidence of their prior disciplinary history pursuant to Federal Rules of Evidence 402, 403, and 404. The Court will Deny this request Without Prejudice.

Under Federal Rule of Evidence 404(a), "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FRE 404(a)(1). Similarly, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FRE 404(b)(1). Nevertheless, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FRE 404(b)(2).

Here, Rule 404(b)(1) would undoubtedly exclude evidence of Defendants' prior disciplinary history. But Plaintiff maintains that he may offer this evidence for a permitted purpose under Rule 404(b)(2). While Plaintiff makes no proffer as to which permitted purpose, the Court finds that excluding the evidence altogether at this time would be premature. Further, that Defendants would not be prejudiced

merely by having to raise an objection to this evidence at trial. Accordingly, the Court will DENY Defendants' Motion in Limine WITHOUT PREJUDICE [#90].

### III. CONCLUSION

For the reasons stated herein, the Court will GRANT IN PART and DENY IN PART Defendants' Motions in Limine [#88, #89, #90].

IT IS SO ORDERED.

Dated: June 19, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 19, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager